UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LABORERS LOCAL 78,<br><br>    Petitioner,<br><br>v.<br><br>STEVENS ENVIRONMENTAL SERVICES, INC.,<br><br>    Respondent. | Civil Action No. 14-3001 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Laborers Local 78's ("Petitioner" or "Judgment Creditor") Motion for an Order for Turnover of Funds Levied Upon at PNC Bank, N.A. ("PNC"). (ECF No. 8.) Stevens Environmental Services, Inc. ("Respondent" or "Judgment Debtor") did not file opposition to the Motion.

On December 2, 2014, this Court entered a judgment against Respondent in the amount of $52,003.06. (ECF No. 5.) On or about June 4, 2020, in an attempt to collect upon the judgment, Petitioner transmitted a Writ of Execution to Guaranteed Subpoena Service, Inc. ("Guaranteed Subpoena"), which Guaranteed Subpoena served upon Respondent's property located at PNC. (Moving Br. 1, ECF No. 8-3.)

On June 9, 2020, PNC communicated to Judgment Creditor that the bank account it levied contained loan proceeds Respondent obtained pursuant to the Coronavirus Aid, Relief, and Economic Security Act's ("CARES Act") Paycheck Protection Program ("PPP"). (*Id.*) PNC further communicated that, in its opinion, PPP proceeds are exempt from garnishment under the CARES Act. (*See id.*) Judgment Creditor disagreed with this assertion. (*Id.* at 1–2.) Counsel for Judgment Creditor and PNC exchanged correspondence regarding the proper disposition of the levied-upon funds, following which Petitioner filed the instant Motion. (*Id.*)

Notably, PNC did not file a motion to intervene or otherwise seek to enter an appearance in this matter. In addition, Respondent did not file opposition to Petitioner's Motion. PNC and Judgment Debtor, consequently, did not officially raise these arguments with the Court. Rather, PNC's arguments are set forth in its correspondence with Judgment Creditor's counsel.

Nevertheless, based on the specific nature of the dispute raised by PNC, and the Court's inherent authority to control the matters on its docket, the Court finds good cause to deny the Motion without prejudice to afford (1) PNC the opportunity to file a brief in the matter, and (2) Petitioner the opportunity to file an updated brief regarding any developments in the law regarding the alleged exemption of PPP loan proceeds from garnishment. Accordingly,

**IT IS** on this 26th day of February 2021, **ORDERED** that:

1. Petitioner's Motion (ECF No. 8) is denied without prejudice pending supplemental briefing.

2. By **March 12, 2021**, Petitioner shall serve a copy of this Memorandum Order upon Respondent and PNC. Petitioner shall e-file proof of service by **March 19, 2021**.

3. PNC may e-file a brief that sets forth its position by **April 12, 2021**.[1]

4. Petitioner shall e-file a supplemental brief by **April 26, 2021**.[2]

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] Should PNC elect to file a brief in support of its position, it must cite relevant legal authority, including citations to any court decisions interpreting whether PPP proceeds are exempt from garnishment under the CARES Act.

[2] If PNC files a brief, Petitioner's supplemental brief must respond to PNC's arguments. If PNC does not file a brief, Petitioner's brief must update the Court regarding any developments in the law and/or any cases decided regarding the garnishment of PPP proceeds under the CARES Act after the filing date of the Motion.